UNITED STATES of America, Appellee

v.

Frank M. LOMBARD, Appellant.

No. 10–3025.

United States Court of Appeals, District of Columbia Circuit.

May 24, 2011.

**6**

Elizabeth Harper Danello, Ronald C. Machen, Jr., Esquire, John Perry Mannarino, Roy W. McLeese, III, Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Christopher B. Shella, C. Burell Shella, PC, Durham, NC, for Appellant.

Before: SENTELLE, Chief Judge, and GINSBURG and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). This court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Frank Lombard pleaded guilty to one count of distributing child pornography. After reviewing memoranda submitted by the parties and hearing oral argument, the district court sentenced Lombard to 327 months imprisonment—at the top of the Guidelines range. Lombard appeals his sentence, arguing the district court failed adequately to (1) explain its refusal to deny the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and (2) take into account mitigating factors set out in 18 U.S.C. § 3553(a).* Neither argument is persuasive.

1. In arguing the district court failed adequately to explain its denial of the Government's motion to depart downward from the Guidelines range, Lombard specifically notes the court's failure to address the factors in § 5K1.1(a). Because Lombard raises this argument for the first time on appeal, we review the adequacy of the court's explanation for its refusal to depart downward only for plain error (if at all). *United States v. Tann,* 532 F.3d 868, 872 (D.C.Cir.2008); *cf. United States v. Olivares,* 473 F.3d 1224, 1229, 1231 (D.C.Cir.2006) (if the district court understood it had authority under the Guidelines to depart downward and has made no clearly erroneous finding, then its refusal to depart is unreviewable so long as the defendant's sentence is reasonable). A plain error is an error so evident "the [ ] judge and [the] prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Saro,* 24 F.3d 283, 286 (D.C.Cir.1994). Here, in denying the Government's

---

* To the extent Lombard's brief purports to raise any other arguments, they are forfeit. *N.Y. Rehab. Care Mgmt., LLC v. NLRB,* 506

F.3d 1070, 1076 (D.C.Cir.2007) ("It is not enough merely to mention a possible argument in the most skeletal way").

§ 5K1.1 motion, the district court explained Lombard's limited assistance to the Government was "far outweighed" by the aggravating circumstances of his crime. With that explanation on the record, we cannot say the court's failure to address more specifically the factors in § 5K1.1(a) was plainly erroneous.

■ 2. In sentencing Lombard to 327 months imprisonment, the district court addressed the nature of his offense, his personal characteristics, and the sentencing objectives of deterrence and incapacitation. Lombard nonetheless argues the district court failed adequately to consider the factors set out in § 3553(a) because it did not mention any of the potentially mitigating factors favoring a lower sentence. This argument is without merit. "When a defendant has not asserted the import of a particular § 3553(a) factor, nothing in the statute requires the court to explain sua sponte why it did not find that factor relevant to its discretionary decision." *United States v. Simpson,* 430 F.3d 1177, 1186 (D.C.Cir.2005).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.